UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

STANLEY CHERISME                                    CIVIL ACTION NO. 6:11-cv-0737 "P"

VERSUS                                                      JUDGE HAIK

WARDEN VIATOR; PHILLIP T.                    MAGISTRATE JUDGE HANNA
MILLER; JOHN MORTON; JANET
NAPOLITANO; ERIC HOLDER

## REPORT AND RECOMMENDATION

Pending before this Court is the respondents' motion to dismiss the *habeas corpus* petition filed by Stanley Cherisme. (Rec. Doc. 12). This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. For the following reasons, it is recommended that the motion be GRANTED.

### ANALYSIS

On May 5, 2011, Stanley Cherisme initiated this lawsuit, filing a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. (Rec. Doc. 1). He filed an amended complaint on June 6, 2011. (Rec. Doc. 4). In his petition, Cherisme alleged that he was a native and citizen of Haiti, who had been detained at the South Louisiana Correction Center in Basile, Louisiana, in the custody of the United States

Immigration and Customs Enforcement ("ICE") since either September 20, 2012 (Rec. Doc. 4-1 at 2), October 12, 2010 (Rec. Doc. 4 at 5), or October 17, 2010 (Rec. Doc. 4-1 at 4). He alleged that he first entered the United States legally on April 4, 1998, and has resided in the United States continuously since that date. (Rec. Doc. 4 at 5; Rec. Doc. 4-1 at 4). He further alleged that, on October 20, 2010, an immigration judge ordered him removed from the United States and returned to Haiti because he was convicted of a crime that constituted a removal offense. (Rec. Doc. 4-1 at 3, 4). He alleged that he did not appeal the removal order. (Rec. Doc. 4-1 at 4).

Cherisme argues that, under *Zadvydas v. Davis*, 533 U.S. 678, 702 (2001), six months is the presumptively reasonable time period during which ICE may detain aliens in order to effectuate their removal. He further argues that the presumptively reasonable time period has elapsed. Cherisme argues that his continued detention beyond the presumptively reasonable six month time period constitutes a statutory violation, a substantive due process violation, and a procedural due process violation. Cherisme prayed that a writ of *habeas corpus* be issued directing that he be released from custody.

On July 5, 2011, the undersigned ordered Cherisme's petition served on the government defendants and further ordered the defendants to answer the petition and

inform the undersigned whether there was a significant likelihood of removal in the reasonably foreseeable future or whether Cherisme's detention is otherwise lawful. (Rec. Doc. 5).

On July 28, 2011, the government responded to Cherisme's petition (Rec. Doc. 11), advising that the temporary suspension of removal of Haitians following the January 12, 2010 earthquake in Haiti had been lifted and that ICE did not anticipate any difficulty with the issuance of a travel document for Cherisme. The government advised that Cherisme "is scheduled to be removed in the foreseeable future as ICE has flights to Haiti scheduled in July and thereafter." (Rec. Doc. 11 at 7). In fact, Cherisme was released from ICE detention pursuant to an Order of Supervision on June 30, 2011. (Rec. Doc. 12-2).

Under 28 U.S.C. § 2241, federal courts have jurisdiction to issue writs of *habeas corpus* to persons "in custody in violation of the Constitution or laws or treaties of the United States...." Cherisme was detained when his petition was filed and, therefore, the "in custody" requirement for *habeas* review was satisfied. After his petition was filed, however, Cherisme was released from custody. (Rec. Doc. 12-2). The undersigned finds that Cherisme is no longer in ICE custody and Cherisme's release from ICE detention renders his petition for a writ of *habeas corpus* moot.

Therefore, the undersigned recommends that the government's motion to

dismiss (Rec. Doc. 12) be GRANTED, and that Cherisme's petitions for writ of *habeas corpus* (Rec. Docs. 1 and 4) be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this report and recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 7th day of September 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)